# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOFOFORA EVA CONTRERAZ aka MIKE CONTRERAZ, CDCR # C-45857<br><br>    Plaintiff,<br><br>vs.<br><br>KEN SALAZAR; M. SHARON BLACKWELL; DOE 1; DOES,<br><br>    Defendants. | Civil No.   11cv0265 IEG (PCL)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; and**<br><br>**(2) DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff,[1] a state inmate currently incarcerated at the California State Prison - Substance Abuse and Treatment Facility located in Corcoran, California, and proceeding pro se, has filed a civil rights Complaint. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

/ / /

---

[1] The Court notes that Plaintiff has filed actions under several different names. In addition to filing this action as Lofofora Eva Contreraz, Plaintiff has also filed actions under the name of Michael Contreraz, Michael Contreras and Jihad Contreras. *See Contreras v. Townsend, et al.,* S.D. Cal. Civil Case No. 94-0732 R (POR); *see also Contreras v. Vasquez, et al.*, N. Cal. Civil Case No. 92-3316 FMS.

**I.    MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 7] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who

are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Plaintiff is a state inmate who has been incarcerated since 1980 and serving a "life" sentence. (Compl. at 2.) Plaintiff claims to be a "Kupangah Indian of the Kupa people" and he is "formally enrolled in the Pala Band of Missions Indians." (*Id.*) Since 2001, the Pala Band has operated a gambling casino and adopted a "Plan for the Allocation of Gaming Revenue" that was approved by the Bureau of Indian affairs as required by the Indian Gaming Regulatory Act ("IGRA"). (*Id.*) In 2007, this plan was amended to provide that incarcerated members of the tribe would not receive revenue from the gambling proceeds until they were released from prison. (*Id.* at 5-6). Plaintiff is bringing this action as an incarcerated member of the tribe arguing that he should be entitled to the proceeds as a member of the tribe while incarcerated. (*Id.*).

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, the federal question must be "presented on the face of plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

Here, Plaintiff states an intention to sue Ken Salazar as the Secretary of the United States Department of Interior and M. Sharon Blackwell, the Deputy Commissioner of Indian Affairs under the IGRA. (*See* Compl. at 1-2.) However, the IGRA does not provide a private cause of action for Plaintiff's claims. *See Hein v. Capitan Grande Bank of Dieguene Mission Indians,* 201 F.3d 1256, 1260-61 (9th Cir. 2000) (holding that "IGRA provides no general private right of action."). Accordingly, Plaintiff's Complaint must be dismissed.

/ / /

/ / /

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 7] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. The case is **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* FED.R.CIV.P. 12(h)(3).

5. Plaintiff is granted forty five (45) days from the date this Order is "Filed" in which to file an amended complaint which addresses each deficiency of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CA. CIV.LR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

DATED: **June 9, 2011**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**