# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

LOFOFORA EVA CONTRERAZ also known as Mike Contreraz,

Plaintiff,

vs.

KEN SALAZAR, Secretary of the USDI; M. SHARON BLACKWELL, Deputy Commissioner of Indian Affairs; DOE 1, Acting Deputy Assistant Secretary, Policy and Economic Development; and DOES 1-10, inclusive,

Defendants.

CASE NO. 11cv265 - IEG (PCL)

**ORDER:**

**(1) DENYING MOTION FOR DEFAULT JUDGMENT;**

**(2) DENYING MOTION FOR FINDING OF CONTEMPT; AND**

**(3) DENYING MOTION FOR ENFORCEMENT OF RELIEF AGAINST NON-PARTIES**

[Doc. No. 23]

Presently before the Court is Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55, motion for a finding of contempt pursuant to Federal Rule of Civil Procedure 70(e), and motion for enforcement of relief against non-parties pursuant to Federal Rule of Civil Procedure 71. [Doc. No. 23.] For the reasons below, the Court **DENIES** the motions.

## BACKGROUND

Plaintiff commenced this action against Defendants on February 7, 2011. [Doc. No. 1.] On June 9, 2011, the Court granted Plaintiff leave to proceed *in forma pauperis*, but dismissed Plaintiff's complaint without prejudice pursuant to the screening provision of 28 U.S.C. § 1915(e)(2)(B). [Doc. No. 8.] The Court gave Plaintiff leave to file a first amended complaint

("FAC"). [Id.] On July 21, 2011, Plaintiff filed her FAC. [Doc. No. 9.] On October 13, 2011, the Court issued an order directing the U.S. Marshal to effect service of Plaintiff's FAC on the Defendants. [Doc. No. 14.] On January 20, 2012, Defendants filed a motion to dismiss Plaintiff's FAC. [Doc. No. 19.]

**DISCUSSION**

**I. Motion for Default Judgment**

Plaintiff moves for default judgment against Defendants, arguing that none of the Defendants have answered, appeared, or otherwise replied to Plaintiff's FAC. [Doc. No. 23 at 2.] Plaintiff is not entitled to default judgment. Pursuant to the Federal Rules of Civil Procedure, an entry of default by the Clerk of Court is a prerequisite to an entry of default judgment. See Fed. R. Civ. P. 55(a), (b). In this case, a review of the docket reveals that the Clerk of Court never entered a default against any of Defendants. Accordingly, because there has been no entry of default yet, the Court cannot enter a default judgment in Plaintiff's favor.

Moreover, even if the Clerk of Court should have construed Plaintiff's filing as a request to enter default, the Clerk of Court properly did not enter default because Defendants are not in default. Under Federal Rule of Civil Procedure 12(a)(2), a United States officer or employee must serve a response pleading within 60 days after service on the United States attorney. Defendants were served on October 31, 2011, [Doc. No. 17], making their response to the FAC due by December 30, 2011. On December 28, 2011, Defendants moved for an extension of time to respond to the FAC. [Doc. No. 17.] The Court granted Defendants' motion and ordered Defendants to file a response to Plaintiff's FAC on or before January 20, 2012. [Doc. No. 18.] On January 20, 2012, Defendants timely responded to Plaintiff's FAC by filing a motion to dismiss the FAC. [Doc. No. 19.] Accordingly, Defendants have never been in default, and the Court **DENIES** Plaintiff's motion for default judgment.

**II. Motion for Contempt**

Plaintiff requests that this Court find Defendants to be in contempt pursuant to Federal Rule of Civil Procedure 70(e) for failure to timely respond to her FAC. [Doc. No. 23 at 2-3.] First, as explained above, Defendants' response to Plaintiff's FAC was not untimely. Second,

Rule 70 "cannot be used as the authority for contempt or sanctions where defendants failed to answer on time." McCabe v. Arave, 827 F.2d 634, 639 (9th Cir. 1987). Rule 70 is only operative when a party refuses to comply with a judgment. Id. Here, there has been no judgment, so Rule 70 does not apply. District courts do have the power to impose sanctions by exercising their inherent powers upon a finding of bad faith. Id. at 640. However, because Defendants timely responded to Plaintiff's FAC, the Defendants have not acted in bad faith. Accordingly, the Court **DENIES** Plaintiff's motion for a finding of contempt.

**III. Motion for Enforcement of Relief Against Non-Parties**

Plaintiff moves for enforcement of relief against non-parties Wells Fargo & Co. and the Pala Band of Mission Indians pursuant to Federal Rule of Civil Procedure 71. [Doc. No. 23 at 2.] Federal Rule of Civil Procedure 71 provides: "When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Rule 71 memorializes "the common sense rule that courts can enforce their orders against both parties and non-parties." Westlake North Property Owners Ass'n v. Thousand Oaks, 915 F.2d 1301, 1304 (9th Cir. 1990). Because the Court does not grant Plaintiff's motion for default judgment, there is no order that may be enforced against the non-parties. Accordingly, the Court **DENIES** Plaintiff's motion for enforcement of relief against non-parties.

**CONCLUSION**

For the reasons above, the Court **DENIES** Plaintiff's motion for default judgment, motion for finding of contempt, and motion for enforcement of relief against non-parties.

**IT IS SO ORDERED.**

**DATED:** January 30, 2012

**IRMA E. GONZALEZ**
**United States District Judge**