# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOFOFORA EVA CONTRERAZ also known as Mike Contreraz,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>KEN SALAZAR, Secretary of the USDI; M. SHARON BLACKWELL, Deputy Commissioner of Indian Affairs; DOE 1, Acting Deputy Assistant Secretary, Policy and Economic Development; and DOES 1-10, inclusive,<br><br>　　　　　　　　　Defendants. | CASE NO. 11cv265 - IEG (PCL)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 25] |

Presently before the Court is Plaintiff Lofofora Eva Contreraz ("Plaintiff")'s motion for reconsideration of the Court's January 30, 2012 order denying Plaintiff's motion for default judgment, motion for finding of contempt, and motion for enforcement of relief. [Doc. No. 25.] For the reasons below, the Court **DENIES** the motion.

## BACKGROUND

Plaintiff commenced this action against Defendants on February 7, 2011. [Doc. No. 1.] On June 9, 2011, the Court granted Plaintiff leave to proceed *in forma pauperis*, but dismissed Plaintiff's complaint without prejudice pursuant to the screening provision of 28 U.S.C. § 1915(e)(2)(B). [Doc. No. 8.] The Court gave Plaintiff leave to file a first amended complaint ("FAC"). [Id.] On July 21, 2011, Plaintiff filed her FAC. [Doc. No. 9.] On October 13, 2011, the

1  Court issued an order directing the U.S. Marshal to effect service of Plaintiff's FAC on the
2  Defendants. [Doc. No. 14.] On December 28, 2011, Defendants filed an *ex parte* motion for
3  extension of time to file their response to Plaintiffs' FAC. [Doc. No. 17.] The Court granted
4  Defendants' motion and ordered Defendants to file a response to Plaintiff's FAC on or before
5  January 20, 2012. [Doc. No. 18.] On January 20, 2012, Defendants timely filed a motion to
6  dismiss Plaintiff's FAC. [Doc. No. 19.]

7  On January 17, 2012, Plaintiff filed a motion for default judgment pursuant to Federal Rule
8  of Civil Procedure 55, a motion for a finding of contempt pursuant to Federal Rule of Civil
9  Procedure 70(e), and a motion for enforcement of relief against non-parties pursuant to Federal
10 Rule of Civil Procedure 71. [Doc. No. 23.] On January 30, 2012, the Court denied these motions.
11 [Doc. No. 24.] By the present motion, Plaintiff moves for reconsideration of the Court's January
12 30, 2012 Order. [Doc. No. 25, Pl.'s Mot.]

**DISCUSSION**

**I.     Legal Standard**

15 Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order
16 for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to
17 prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.
18 Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation
19 omitted). "The rule is to be utilized only where extraordinary circumstances prevented a party
20 from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine
21 Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

22 "'A motion for reconsideration should not be granted, absent highly unusual
23 circumstances, unless the district court is presented with newly discovered evidence, committed
24 clear error, or if there is an intervening change in the controlling law.'" Marlyn Nutraceuticals,
25 Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). A motion for
26 reconsideration may not be used to raise arguments or present evidence for the first time when
27 they could reasonably have been raised earlier in the litigation. Id.
28 ///

## II. Analysis

### A. Default Judgment

Plaintiff argues that the Court's Order denying her motion for default judgment was improper because Defendants never served Plaintiff with a copy of their *ex parte* motion for extension of time to respond to the FAC. [Pl.'s Mot. at 2-4.] The Court notes that Defendants' counsel filed a certificate of service along with the *ex parte* motion stating under penalty of perjury that a copy of the motion was mailed to Plaintiff at her address in prison. [Doc. No. 17-1.] Moreover, even assuming Defendants did not serve Plaintiff with a copy of the motion, Plaintiff was not prejudiced by Defendants' failure to serve the motion. Pursuant to Federal Rule of Civil Procedure 6(b)(1), the Court may extend the deadline for filing a response to a complaint "for good cause." See FED R. CIV. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time."). In their motion, Defendants explained that they needed an extension of time to file their response because one applicable defense required approval from a particular component of the Department of Justice, and members of that office were unavailable due to the holiday season. [Doc. No. 17 at 2.] The Court found that this constituted "good cause" for the extension. Therefore, even if Plaintiff had been able to oppose Defendants' motion, the Court would still have granted Defendants the requested extension. Plaintiff states that she believes that the Defendants did not have a justified reason for seeking the extension and that the motion was simply a delay tactic. [Pl.'s Mot. at 10.] The Court disagrees. Defendants provided a legitimate reason for requesting the extension and there is no evidence that it was done only for the purpose of delay. Because Defendants properly obtained an extension of time to respond to the FAC, and then timely filed their motion to dismiss the FAC, Defendants were never in default. Accordingly, Plaintiff has failed to show the Court's Order denying her motion for default judgment was made in clear error.[1]

---

[1] In the motion, Plaintiff also argues that she was not required to first obtain an entry of default from the clerk prior to moving for a default judgment from the Court because her case does not involve a claim for a sum certain and Rule 55(b)(1) does not apply. [Pl.'s Mot. at 4-5.] Plaintiff appears to be confused about the Court's prior order and the difference between an entry of default and an entry of default judgment. The Court did not state in its prior order that Defendant should seek a entry of default judgment from the Clerk pursuant to Federal Rule of Civil Procedure 55(b)(1). The

**II.     Motion for Contempt**

Plaintiff argues that the Court erred in denying her motion for contempt because a finding of contempt is not restricted to instances where a party refuses to comply with a judgment, relying on Federal Rule of Civil Procedure 37(b)(2)(A)(vi), (vii). [Pl.'s Mot. at 5-7.] However, Plaintiff did not rely on Rule 37 in her original motion and instead moved for sanctions pursuant to Rule 70. [Doc. No. at 23 at 1-2.] The Court properly denied her motion because Rule 70 "cannot be used as the authority for contempt or sanctions where defendants failed to answer on time." McCabe v. Arave, 827 F.2d 634, 639 (9th Cir. 1987). Plaintiff could have argued that she was entitled to contempt sanction pursuant to Rule 37 in her original motion. It is improper for Plaintiff to rely on Rule 37 as the basis for her request for contempt sanctions for the first time in her motion for reconsideration. See Maryln Nutraceuticals, 571 F.3d at 880.

In addition, Plaintiff argues that she is entitled to sanctions pursuant to Rule 37(b)(2)(A)(vi) because Defendants failed to comply with a court order when Defendants failed to serve Plaintiff with a copy of their motion for extension of time. [Pl.'s Mot. at 6.] Even assuming Defendants failed to serve Plaintiff with a copy of the motion, Defendants' conduct was not in violation of a prior court order. Plaintiff relies on the Court's October 13, 2011 Order, which ordered Defendants "to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a)." [Doc. No. 14 at 4.] Defendants timely responded to the FAC, and the Court's prior order says nothing about the service of *ex parte* motions for extension of time. Therefore, although the Court does not condone the failure to serve opposing parties with moving papers, Defendants alleged failure was not in violation of a prior court order and Rule 37(b) does not apply. See Salahuddin v. Harris, 782 F.2d 1127, 1131 (2d Cir. 1986) ("The plain language of Rule 37(b) requires that a court order be in effect before sanctions are imposed"); Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 994

---

Court stated that Plaintiff must first request an entry of default from the clerk pursuant to Rule 55(a) and then request the entry of default judgment from the Court pursuant to Rule 55(b)(2). [Doc. No. 24 at 2.] The Court agrees with Plaintiff that Rule 55(b)(2) not Rule 55(b)(1) applies to her case. However, regardless of which rule applies, a plaintiff must first request that the clerk enter a default pursuant to Rule 55(a) prior to moving for default judgment pursuant to Rule 55(b). See Vongrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment.").

1  (8th Cir. 1975) (Rule 37(b) "has no application if there has not been a court order."). In addition,
2  Rule 37(b)(2)(A) only applies when the prior order is a "discovery order." FED. R. CIV. P.
3  37(b)(2)(A); see also McCabe, 827 F.2d at 639 ("For a sanction to be validly imposed, the conduct
4  in question must be sanctionable under the authority relied on.").

5  In the Court's prior Order, the Court noted that district courts have inherent power to
6  sanction attorney misconduct upon a finding of bad faith or conduct tantamount to bad faith.
7  [Doc. No. 24 at 3.] See B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107-08 (9th Cir. 2002). "A
8  finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous
9  argument, or argues a meritorious claim for the purpose of harassing an opponent.'" Primus Auto.
10 Fin. Servs. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997). A party also acts in bad faith by
11 "'delaying or disrupting the litigation or hampering enforcement of a court order.'" Id.
12 "[B]ecause of their very potency, inherent powers must be exercised with restraint and discretion."
13 Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). Even assuming Defendants did not serve
14 Plaintiff with a copy of the *ex parte* motion, there is no evidence that Defendants' failure was
15 willful or done to delay or disrupt the litigation. Defendants' counsel filed a certificate of service
16 stating under penalty of perjury that a copy of the motion was mailed to Plaintiff at her address in
17 prison. [Doc. No. 17-1.] Defendants had a legitimate reason for seeking the extension, they only
18 sought a short extension of time, and they timely filed their response within the deadline set by the
19 extension. The Court finds that Defendants have not acted in bad faith. Accordingly, Plaintiff has
20 failed to show that the Court's Order denying her motion for contempt sanctions was made in clear
21 error.

22 **III.    Motion for Enforcement of Relief Against Non-Parties**

23 Plaintiff argues that the Court erred in denying her motion for enforcement of relief against
24 non-parties Wells Fargo & Co. and the Pala Band of Mission Indians because she has shown in her
25 motion for reconsideration that her motions for default judgment and finding of contempt should
26 have been granted. [Pl.'s Mot. at 7-8.] Federal Rule of Civil Procedure 71 provides: "When an
27 order grants relief for a nonparty or may be enforced against a nonparty, the procedure for
28 enforcing the order is the same as for a party." Rule 71 memorializes "the common sense rule that

courts can enforce their orders against both parties and non-parties." <u>Westlake North Property Owners Ass'n v. Thousand Oaks</u>, 915 F.2d 1301, 1304 (9th Cir. 1990). As explained above, the Court's prior Order denying Plaintiff's motions for default judgment and for finding of contempt was not made in clear error. Because the Court does enter default judgment against Defendants, there is no order that may be enforced against the non-parties. Accordingly, the Court did not err in denying Plaintiff's motion for enforcement of relief against non-parties.

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's motion for reconsideration of the Court's January 30, 2012 Order

**IT IS SO ORDERED.**

**DATED: February 17, 2012**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**