1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| LOFOFORA EVA CONTRERAZ also known as Mike Contreraz,<br><br>                                    Plaintiff,<br><br>    vs.<br><br><br>KEN SALAZAR, Secretary of the United States Department of Interior; M. SHARON BLACKWELL, Deputy Commissioner of Indian Affairs; Does 1, Acting Deputy Assistant Secretary, Policy and Economic Development, and DOES 1-10, inclusive,<br><br>                                    Defendants. | CASE NO. 11cv265-GPC(PCL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY PROCEEDINGS, DENYING PLAINTIFF'S MOTION FOR WITHHELD FUNDS AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Dkt. No. 52.] |

20         Before the Court is Plaintiff Lofofora Eva Contreraz ("Plaintiff")'s Motion to

21    Stay the Proceedings, Motion for Permission to Use Funds for an Attorney, and

22    Plaintiff's alternate Motion for Appointment of Counsel.  (Dkt. No. 52.)  Based on the

23    reasoning below, the Motion to Stay the Proceedings is GRANTED;  the Motion for

24    Permission to Withdraw Funds is DENIED; and the Motion for Appointment of

25    Counsel is also DENIED.

26                                    **Background**

27         Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis*.  On August

28    9, 2012 the Court granted in part and denied in part Defendant's Motion to Dismiss

Plaintiff's first amended complaint. (Dkt. No. 40.) The Court granted Plaintiff 30 days leave to file a second amended complaint. (Id.) Plaintiff did not file a second amended complaint within the time allotted.  On October 22, 2012, the case was transferred to the undersigned judge. (Dkt. No. 42.) On April 15, 2013, the Court set a hearing to show cause  for dismissal for want of prosecution pursuant to Local Civil Rule 41.1. (Dkt. No. 43.) A hearing was held on May 17, 2013 with no appearances or response to the order to show cause. (Dkt. No. 44.) The Court ordered the case dismissed without prejudice for want of  prosecution. (Id.) On June 4, 2013, Plaintiff filed a motion to vacate judgment and *ex parte* motion for a stay. (Dkt. No. 47.) Plaintiff showed good cause and the judgement was vacated and *ex parte* motion to stay granted for 90 days. (Dkt. No. 48.) Plaintiff was given until October 1, 2013 to file a second amended complaint. (Id.)  Plaintiff did not file a second amended complaint but filed the instant motion, including a Motion to Stay the Proceedings on October 1, 2013. (Dkt. No. 52.)

## Motion to Stay Proceedings

Plaintiff filed this Motion to Stay due to difficulty with prison mail reception, multiple prison transfers, time spent in the Dept. of Mental Health – where she is not allowed her legal property– and lack of access to the law library.  (Dkt. No. 52.) Plaintiff also claims she has not received a copy of the August 2012 Order, (Dkt. No. 40), issued by Judge Gonzalez.   Plaintiff claims that without this order she cannot proceed. Good cause appearing, the Court GRANTS Plaintiff's Motion to Stay for 60 days and directs the Clerk of the Court to provide Plaintiff a copy of Docket No. 40.

## Motion for Permission to Use Funds for Attorney

Plaintiff requests permission to use her funds from Indian gaming revenue to hire an attorney.  (Dkt. No. 52.)  However, the revenue allocation plan, adopted by Plaintiff's tribe, includes a provision that restricts members from receiving their funds while they are incarcerated for the conviction of crime.  (Dkt. No. 40.)  Members cannot receive these funds until they cure the conditions of their incarceration. (Id.)

[11cv265-GPC(PCL)]

1  Plaintiff has petitioned the Indian Gaming Regulatory Act and the Department of the

2  Interior for these funds, but her requests have been denied due to the incarceration

3  restriction. (Id.)  Plaintiff challenges this incarceration restriction in her initial

4  complaint. (Dkt. No. 1.)

5      This motion concerns the merits of Plaintiff's complaint, specifically her

6  challenge of the revenue allocation plan with its incarceration restriction. Accordingly,

7  this issue will not be decided here and Plaintiff's motion to use funds for an attorney

8  is DENIED.

9                    **Motion to Appoint Counsel**

10      Plaintiff also moves for appointment of counsel. "[T]here is no absolute right to

11  counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32

12  F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). However, "[t]itle 28 U.S.C §

13  1915(e)(1) permits the district court, in its discretion, to 'request an attorney to

14  represent any person unable to afford counsel.'" Solis v. County of Los Angeles, 514

15  F.3d 946, 958 (9th Cir. 2008) (quoting 28 U.S.C. § 1915(e)(1)); see also Agyeman v.

16  Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).  Such discretion may be

17  exercised upon a showing of exceptional circumstances. See Terrell v. Brewer, 935

18  F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir.

19  1989).  "To show exceptional circumstances the litigant must demonstrate the

20  likelihood of success and complexity of the legal issues involved." Burns, 883 F.2d at

21  823 (citation omitted); Hedges, 32 F.3d at 1363; Wood v. Housewright, 900 F.2d 1332,

22  1335 (9th Cir. 1990).

23      In this case, the circumstances are not exceptional. Plaintiff has litigated this case

24  for over two years without counsel. She has a sufficient grasp of the case and the legal

25  issues involved. Plaintiff adequately articulates these issues. This case does not rise to

26  the level of complexity required for appointment of counsel. Accordingly the Court

27  DENIES Plaintiff's Motion for Appointment of Counsel.

28  / / / /

1

### Conclusion

2        Accordingly, Plaintiff's Motion to Stay is GRANTED for a period of sixty (60)

3   days. Plaintiff's Motion for Permission to Use Funds for an Attorney is DENIED.

4   Plaintiff's alternate Motion for Appointment of Counsel is DENIED. The Court

5   DIRECTS the Clerk of Court to mail Plaintiff a copy of the August 2012 Order Dkt.

6   No. 40.

7        IT IS SO ORDERED.

8

9   DATED:  October 30, 2013

10

11                                         HON. GONZALO P. CURIEL
                                           United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[11cv265-GPC(PCL)]