1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOFOFORA EVA CONTRERAZ also known as Mike Contreraz,<br><br>                                            Plaintiff,<br><br>      vs.<br><br><br>KEN SALAZAR, Secretary of the United States Department of Interior; M. SHARON BLACKWELL, Deputy Commissioner of Indian Affairs; Does 1, Acting Deputy Assistant Secretary, Policy and Economic Development, and DOES 1-10, inclusive,<br><br>                                            Defendants. | CASE NO. 11cv265-GPC(PCL)<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION TO STAY PROCEEDINGS AND DENYING PLAINTIFF'S RENEWED MOTION FOR COUNSEL**<br><br>[Dkt. No. 64.] |

        Before the Court is Plaintiff's *ex parte* motion to stay proceedings and renewed motion for counsel.  (Dkt. No. 64.)  Based on the reasoning below, the Court GRANTS Plaintiff's motion to stay the proceedings and DENIES Plaintiff's renewed motion for counsel.

### Background

        Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis,* filed a complaint on February 7, 2011.  (Dkt. No. 1.)  On July 21, 2011, Plaintiff filed a first amended complaint alleging causes of action pursuant to the Administrative Procedures Act ("APA").  (Dkt. No. 9.)  On August 9, 2012, the Court granted in part and denied

in part Defendant's motion to dismiss Plaintiff's first amended complaint. (Dkt. No. 40.)  The Court granted Plaintiff 30 days leave to file a second amended complaint. (Id.)  Plaintiff did not file a second amended complaint within the time allotted.

On October 22, 2012, the case was transferred to the undersigned judge. (Dkt. No. 42.) On April 15, 2013, the Court set an order to show hearing for dismissal for want of prosecution pursuant to Local Civil Rule 41.1. (Dkt. No. 43.)  A hearing was held on May 17, 2013 with no appearances or response to the order to show cause. (Dkt. No. 44.) The Court ordered the case dismissed without prejudice for want of prosecution. (Id.)  On June 4, 2013, Plaintiff filed a motion to vacate judgment and *ex parte* motion for a stay. (Dkt. No. 47.)  Good cause showing, the Court granted her motion to vacate judgment and *ex parte* motion to stay the case for 90 days and granted Plaintiff leave to file a second amended complaint. (Dkt. No. 48.)

Plaintiff was given until October 1, 2013 to file a second amended complaint. (Id.)  Plaintiff did not file a second amended complaint but instead filed a motion to stay the proceedings, motion to appoint counsel and motion for permission to use funds to hire an attorney on October 1, 2013. (Dkt. No. 52.)  On October 30, 2013, the Court granted Plaintiff's motion to stay proceedings for sixty days and denied Plaintiff's motion to appoint counsel and motion for permission to use withheld funds. (Dkt. No. 58.)

On December 30, 2013, Defendants filed a motion to dismiss. (Dkt. No. 60.) Plaintiff did not file an opposition pursuant to the Court's order setting briefing schedule.[1]  (Dkt. No. 61.)  Instead, on February 12, 2014, Plaintiff filed the instant *ex parte* motion to stay and renewed motion to appoint counsel. (Dkt. No. 64.)

Plaintiff states that she was transferred to Kern Valley State Prison for enhanced

---

[1]On February 6, 2014, Plaintiff filed a notice of change of address. (Dkt. No. 62.)  In her instant motion, she states that she was transferred from her previous prison in San Diego County to her current housing, the Mental Health Program at Kern Valley State Prison in Kern County on December 18, 2013.  Therefore, it appears that Plaintiff may not have received service of Defendants' motion to dismiss which was sent to Richard J. Donovan Correctional Facility. (Dkt. No. 60-3.)

[11cv265-GPC(PCL)]

mental health treatment on December 18, 2013.  In her declaration, she states that for two weeks since December 18, 2013, she was confined to a mental health cell with no clothes or possessions except her underwear and took daily psychotropic medication. (Dkt. No. 64 at 3.)  She has no access to the law library and her legal materials are in storage.  (Id.)  She states that her mental health housing will be reviewed in July 2014. (Id.)  Due to her mental condition, she is unable to proceed with the case.  (Id.) Therefore, she seeks a stay of her case until her mental health housing is reviewed and also seeks counsel based on her mental condition.

### Discussion

Due to Plaintiff's recent move to mental health housing and not having access to the law library and her legal materials, the Court GRANTS Plaintiff's motion for a stay of proceedings until August 1, 2014.  At such time, Plaintiff shall provide the Court with an update as to her condition and housing status at the prison.

As part of her motion, she also filed a second request for appointment of counsel to assist her in prosecuting this action.  In the Court's prior order denying Plaintiff's motion to appoint counsel, the Court concluded that Plaintiff has been litigating the case for over two years and has a sufficient grasp of the case and the legal issues involved. (Dkt. No. 58.)  Moreover, the Court indicated that the case does not rise to the level of complexity required for appointment of counsel.  (Id.)

"[T]here is no absolute right to counsel in civil proceedings."  Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). However, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate [her] claims *pro se* in light of the complexity of the legal issues involved. Neither of these issues is dispositive and both must be viewed together before reaching a decision."  Id.

[11cv265-GPC(PCL)]

1    Plaintiff requests that counsel be appointed because she is unable to focus and

2    concentrate on the issues in the case.  Besides stating that she has been placed in

3    mental health housing and was on psychotropic medication for a two week period, she

4    has not provided substantial evidence of incompetency required to hold a competency

5    hearing.  See Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (a district court

6    must hold a competency hearing "when substantial evidence of incompetence is

7    presented.")

8    Further, Plaintiff has been able to understand and has been prosecuting this case

9    since 2011 when the complaint was filed.  Her complaint survived a motion to dismiss.

10   In her instant motion, Plaintiff noted that in 2012-2013, although she does not specific

11   which months, she was placed in mental health housing.  However, during that time,

12   she was able to prosecute her case.  As such, Plaintiff's renewed request for

13   appointment of counsel on the basis of not being able to focus and concentrate falls

14   short in establishing that counsel should be provided at this time. Accordingly, the

15   Court DENIES Plaintiff's renewed motion for appointment of counsel.

### Conclusion

17   Based on the above, the Court GRANTS Plaintiff's *ex parte* motion for a stay

18   of proceedings.  The case shall be stayed until **August 1, 2014.**  No later than **August**

19   **1, 2014**, Plaintiff shall provide the Court with an update on her condition and housing

20   situation and whether the stay should be lifted.  The Court DENIES Plaintiff's renewed

21   motion for appointment of counsel.  Due to the Court's ruling staying the case, the

22   Court **vacates** the hearing date on Defendants' motion to dismiss set for March 28,

23   2014.  The Court also DENIES Defendants' motion to dismiss without prejudice

24   subject to refiling once the stay is lifted.

25   IT IS SO ORDERED.

26   DATED:  February 14, 2014

27

28
HON. GONZALO P. CURIEL
United States District Judge

[11cv265-GPC(PCL)]